IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SETH PATRICK GABRIEL HULETT, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-179-B-BH |
| | ) | |
| NATIONAL GOVERNMENT, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

On January 20, 2017, Seth Patrick Gabriel Hulett (Plaintiff) filed this civil action against the "National Government." (doc. 3.) The first page of his brief two-page hand-written complaint alleges that as a private citizen, Donald Trump had no problem under the Emoluments Clause of the United States Constitution, but as a candidate, "that decision was left to the people." (*Id.* at 1.)[1] Now that he has been elected, "the Constitution stands." (*Id.*) The second page contends that:

> Law of Equity provides for this by giving time between election and ready of the ballots for the candidate to qualify. In cases pending up to and including inauguration, extraordinary circumstances, including caring and love can allow work through to try to rectify the situation for necessary changes to allow election.
>
> In the above forementioned case, there still is time before to allow Trump to be president, but as it is he cannot be confirmed till his while that is being worked-out, I can facilitate peaceful discussions between Hillary & Donald Trump.

(*Id.* at 2.) No process has been issued.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges no factual support for his claims or any basis for relief. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

## III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 24th day of January, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE