IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SETH PATRICK GABRIEL HULETT,     ) | |
|     Plaintiff,     ) | |
| vs.     ) | No.  3:17-CV-179-B-BH |
|       ) | |
| NATIONAL GOVERNMENT,     ) | |
|     Defendant.     ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Motion for Injunction*, received January 27, 2017 (doc. 7). Based on the relevant filings and applicable law, the motion should be **DENIED**.

On January 20, 2017, Seth Patrick Gabriel Hulett (Plaintiff) filed this civil action against the "National Government." (doc. 3.) The first page of his brief two-page hand-written complaint alleges that as a private citizen, Donald Trump had no problem under the Emoluments Clause of the United States Constitution, but as a candidate, "that decision was left to the people." (*Id.* at 1.)[1] Now that he has been elected, "the Constitution stands." (*Id.*) The second page contends that:

> Law of Equity provides for this by giving time between election and ready of the ballots for the candidate to qualify. In cases pending up to and including inauguration, extraordinary circumstances, including caring and love can allow work through to try to rectify the situation for necessary changes to allow election.
>
> In the above forementioned case, there still is time before to allow Trump to be president, but as it is he cannot be confirmed till his while that is being worked-out, I can facilitate peaceful discussions between Hillary & Donald Trump.

(*Id.* at 2.) On January 24, 2017, it was recommended that the complaint be dismissed as frivolous. (*See* doc. 6.) In a one-sentence motion, the plaintiff now requests "injunction against current &

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

future E.O. of Donald Trump including any appointment and acts of Presidency due to [illegible] of emoluments by Donald Trump." (*See* doc. 7.)

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff has not shown that he has given notice to the defendant of his request for injunctive relief. Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion is subject to denial for this reason alone.

In addition, Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, Plaintiff has neither alleged nor shown either a substantial likelihood that he will prevail on the merits or that there is a substantial threat of irreparable injury if an injunctive relief is not granted. He has not alleged or shown that an injunction is necessary to protect his interests in this case, which has been found to be frivolous. Accordingly, his motion for injunctive relief should be **DENIED**.

**SO RECOMMENDED this 31st day of January, 2017.**

                                                                            _____
                                                                            IRMA CARRILLO RAMIREZ
                                                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE